# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA



**CIVIL RIGHTS ACTION – 42 U.S.C. §1983**

**APPLICABLE STATE RISK MANAGEMENT TRUST FUND POLICIES**

**FC-5200 / FC-5300** — Federal Civil Rights Liability & Employment Discrimination

**GL-5200 / GL-5300** — General Liability (Personal Injury)

**CA-5200 / CA-5300** — Court-Awarded Attorney Fees

(Issued pursuant to Chapter 284, Part II, §768.28, Florida Statutes)

**TAVARIS MACK,**

Plaintiff,

v.

**CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**

**IN AND FOR MIAMI-DADE COUNTY, FLORIDA,**

**CLERK OF THE CIRCUIT AND COUNTY COURTS,**

**MIAMI-DADE COUNTY, FLORIDA,**

**FLORIDA DEPARTMENT OF CORRECTIONS,**

**PROBATION DIVISION,**

**MIAMI-DADE COUNTY, FLORIDA,**

Defendants.

**CASE NO.:** F22-19400, F22-19401

# COMPLAINT FOR DAMAGES

**(42 U.S.C. §1983 – FEDERAL CIVIL RIGHTS)**

## I. JURISDICTION AND VENUE

This action arises under **42 U.S.C. §1983** for violations of the **Fourth and Fourteenth Amendments** to the United States Constitution.

This Court has jurisdiction pursuant to **28 U.S.C. §§1331 and 1343(a)(3).**

Venue is proper in this District under **28 U.S.C. §1391(b)** because all events giving rise to this action occurred in **Miami-Dade County, Florida.**

## II. PARTIES

1. Plaintiff **Tavaris Mack** is a natural person residing in Miami-Dade County, Florida.

2. Defendant **Circuit Court of the Eleventh Judicial Circuit** is a governmental entity responsible for the administration and enforcement of probation proceedings and is insured through the **State Risk Management Trust Fund.**

3. Defendant **Clerk of the Circuit and County Courts, Miami-Dade County** is responsible for maintaining court dockets, warrants, and enforcement records.

4. Defendant **Florida Department of Corrections, Probation Division** is responsible for probation supervision and enforcement actions.

5. Defendant **Miami-Dade County, Florida** is responsible for administrative execution and support of court-related enforcement actions.

6. At all times material, Defendants acted **under color of state law.**

## III. FACTUAL ALLEGATIONS

1. Plaintiff was subjected to probation enforcement arising from **Miami-Dade Circuit Court Case No. F22-019400,F22-19401**

2. Beginning on or about **October 2025**, Plaintiff submitted written notices and filings challenging: a. Jurisdictional defects;

b. Due-process violations; and

c. The legality of continued probation enforcement.

3.Despite receipt of notice, Defendants **continued administrative enforcement**, including: a. Maintaining an active probation violation warrant;

b. Scheduling enforcement proceedings;

c. Failing to withdraw enforcement actions; and

d. Allowing continued restraint on Plaintiff's liberty.

4.These actions were **administrative and ministerial**, not discretionary judicial acts.

5.Plaintiff was not afforded a **constitutionally adequate hearing** prior to the continuation of enforcement actions.

6.As a direct and proximate result, Plaintiff suffered: a. Loss of liberty and freedom of movement;

b. Ongoing threat of arrest;

c. Emotional distress and anxiety; and

d. Financial and reputational harm.

7.Defendants had the authority and ability to halt enforcement but **failed to do so**, demonstrating deliberate indifference to Plaintiff's constitutional rights.


## IV. CLAIMS FOR RELIEF

### COUNT I

**Procedural Due Process – Fourteenth Amendment**

**(42 U.S.C. §1983)**

1.Plaintiff realleges paragraphs 1–16.

2.Defendants deprived Plaintiff of liberty without notice and a meaningful opportunity to be heard.

3.Defendants' actions violated Plaintiff's **Fourteenth Amendment right to procedural due process.**


## COUNT II

**Unreasonable Seizure – Fourth Amendment**

**(42 U.S.C. §1983)**

1.Plaintiff realleges paragraphs 1–19.

2.The continued maintenance and execution of an invalid probation warrant constituted an **unreasonable seizure.**

3.Defendants' conduct violated Plaintiff's **Fourth Amendment rights**.

## COUNT III

**Municipal Liability (Monell)**

**(42 U.S.C. §1983)**

1.Plaintiff realleges paragraphs 1–22.

2.Defendants maintained **policies, customs, or practices** of: a. Continuing probation enforcement despite notice of defects;

b. Failing to halt enforcement absent lawful jurisdiction; and

c. Allowing administrative enforcement to supersede constitutional safeguards.

3 These policies and practices were the **moving force** behind the violations suffered by Plaintiff.

## V. DAMAGES (RETROSPECTIVE ONLY)

1.Plaintiff seeks **compensatory damages only** for injuries already suffered.

2.Plaintiff does **not** seek punitive damages.

3.Plaintiff does **not** seek damages for injunctive, declaratory, or prospective relief.

4.Plaintiff's damages are **capped at $200,000**, consistent with Florida sovereign-immunity limits.

## VI. ATTORNEY FEES AND COSTS

Plaintiff seeks costs and attorney's fees pursuant to **42 U.S.C. §1988**, to the extent applicable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages not exceeding **$200,000**;

C. Award costs and attorney's fees pursuant to **42 U.S.C. §1988**; and

D. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**TAVARIS MACK**  1/6/2026

Plaintiff, Pro Se

Address: 5410 NW 13th Ave apt 15

Phone: 654-243-8095

Email: Nineeither51@Gmail.com